**ORDER AFFIRMING THE RECOM-
MENDED DECISION OF THE
MAGISTRATE JUDGE**

XING HAI LIU, Ins. No. A73
539 298 Petitioner

v.

John D. ASHCROFT, Attorney General
of the United States, Defendant

No. CIV. 02–088–P–C.

United States District Court,
D. Maine.

Sept. 4, 2002.

Xing Hai Liu, Portland, ME, pro se.

Dennis Cheung, Brooklyn, NY, for plaintiff.

Christine A. Bither, U.S. Dept. of Justice, Washington, DC, Jennifer Lightbody, Mark C. Walters, Washington, DC, for defendant.

GENE CARTER, District Judge.

The United States Magistrate Judge having filed with the Court on July 19, 2002, with copies to the *pro se* Petitioner and to counsel, her Recommended Decision herein (Docket No. 12); and Respondent having filed his Response thereto on July 24, 2002 (Docket No. 13); and this Court having reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; and this Court having made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, and concurring with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and having determined that no further proceeding is necessary; it is **ORDERED** as follows:

(1) The Response of the Respondent is hereby **NOTED**;

(2) The Recommended Decision of the Magistrate Judge is hereby **AFFIRMED**;

(3) The Amended Petition for Writ of *Habeas Corpus* (Docket No. 5) is hereby **DISMISSED** as **MOOT**.

**RECOMMENDED DECISION**

KRAVCHUK, United States Magistrate Judge.

On April 24, 2002, Xing Hai Liu filed a petition for Writ of Habeas Corpus and a motion for an emergency hearing, alleging that he had been held in INS detention under a final order of removal since November 8, 2001. (Docket No. 1.) According to Liu's initial petition he was anxious to return to his home in China and had cooperated fully with the INS but had received no assurances as to when he

would be returned. Therefore, under applicable United States Supreme Court precedent, Liu contended that he was entitled to some form of supervised release. The initial petition was signed by an attorney who had not been admitted to practice in this district and who did not have local counsel sign the pleading.

After some preliminary exchanges regarding the attorney's status, an amended petition was filed by Liu, proceeding *pro se*, on May 3, 2002. (Docket No. 5.) I ordered the United States to answer both the petition and the motion for emergency hearing. The United States responded to the motion for an emergency hearing on May 16, 2002, (Docket No. 7) indicating that Liu had not cooperated with the INS in obtaining his removal until January 18, 2002, and that therefore the presumptive six-month detention period which is reasonably necessary to bring about the alien's removal from the United States suggested by *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), would not expire until July 18, 2002. After receiving the United States' response, Liu voluntarily withdrew his petition for an emergency hearing. (Docket No. 8.)

On June 10, 2002, the United States filed its timely response to and a motion to dismiss the underlying petition. (Docket No. 9.) Liu promptly replied on June 14, 2002, and I took the matter under advisement. Prior to issuing my recommended decision, I received a faxed document from Senior Litigation Counsel for the United States Department of Justice, Office of Immigration Litigation on July 1, 2002. She represented that copies of the same document had been furnished to petitioner and his original attorney, Dennis Cheung of Brooklyn, New York. The original was filed with the court shortly thereafter. (Docket No. 11.) The documents indicated that arrangements had been made to repatriate Liu to China on July 3, 2002, and that the United States intended to so proceed with this repatriation unless it heard otherwise from the court. I issued no response nor have I been contacted by Liu, Cheung, or the United States since receiving the notice of intent to repatriate. I therefore assume that Liu has returned to China and that this petition should be dismissed as moot. *See Soliman v. United States*, 296 F.3d 1237 (11th Cir.2002) (dismissing as moot an appeal of a § 2241 petition seeking relief from a lengthy detention pending removal because alien had been returned to his native country).

### Conclusion

Accordingly I now recommend that the Court **DISMISS** the pending petition as moot.

### *NOTICE*

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 19, 2002.